IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
~~~~~~~~~~~~

SEP 1 5 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01601-OES

PATRICK L. BRENNER,

     Applicant,

v.

WARDEN GARY GOLDER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER DIRECTING APPLICANT TO SUPPLEMENT APPLICATION

---

Applicant Patrick L. Brenner is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Brenner has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Brenner is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brenner will be ordered to supplement the application with additional information.

Mr. Brenner is challenging the validity of a conviction in the Mesa County District Court. He alleges that, although he was sentenced originally to two years of probation, his probation was revoked and he was resentenced to two years in prison. Mr. Brenner asserts that he did not file a direct appeal. He does assert that in September 2003, he filed a postconviction motion pursuant to Rule 35(a) of the Colorado Rules of Criminal

Procedure in the trial court. He further asserts that on October 3, 2003, the trial court denied the Rule 35(a) motion and that his appeals relevant to the Rule 35(a) motion concluded on August 3, 2005, when the Colorado Supreme Court denied his petition for writ of certiorari. The court received the instant action for filing on August 10, 2005.

The court has reviewed Mr. Brenner's application and finds that additional information is necessary to determine whether Mr. Brenner may pursue his claims in this action. First, it is not clear whether Mr. Brenner is in custody for the purposes of the conviction he seeks to challenge because it is not clear if he still is serving a prison sentence for that conviction. If Mr. Brenner has completed the two-year sentence, he may not challenge that conviction.

The Court also needs additional information to determine whether the application is timely filed pursuant to 28 U.S.C. § 2244(d) and whether Mr. Brenner has exhausted state court remedies for the claims he seeks to raise. It is not clear when Mr. Brenner's conviction became final because, although he alleges the judgment of conviction was entered on April 16, 1990, he also alleges that he was not arrested until November 19, 1990. In addition, although Mr. Brenner alleges that he filed only one postconviction motion, the order denying that motion refers to another, prior postconviction motion. If Mr. Brenner wishes to have the court consider any other state court postconviction motions in determining whether the instant action is timely and whether state court remedies have been exhausted, he must specify for each postconviction motion when it was filed, when it was denied, why it was denied, whether he appealed from the denial, the dates on which any appellate court decisions were issued, and the basis for the appellate court decisions. It does not appear that the postconviction Rule 35(a) motion

that Mr. Brenner alleges he did file either tolled the one-year limitation period or satisfies the exhaustion requirement because that motion apparently was denied as untimely.

Therefore, Mr. Brenner will be directed to file a supplement to the application that provides the necessary information.  Accordingly, it is

ORDERED that Mr. Brenner file **within thirty (30) days from the date of this order** a supplement to the habeas corpus application that provides the information requested in this order.  It is

FURTHER ORDERED that if Mr. Brenner fails to file a supplement to the habeas corpus application that provides the information requested in this order within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this _15_ day of _September_, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  05-cv-01601-OES

Patrick L. Brenner
Prisoner No. 66893
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/15/05

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk